UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JENNIFER PEAT, JEFFERSON MEIGHAN JR., ELAN COHEN, DALLAS CARTER, GARRETT O'CONNOR, BRENDON SULLIVAN –MONSON, CHRISTOPHER BRANNON, ATHENA SOULES, SAMANTHA ALLEGRA FRIERSON, ZACHARY CUNNINGHAM, MATTHEW BOLAND, NEGESTI CANTAVE, ELIZABETH ARCE and OSCAR WHELAN, | **ANSWER ON BEHALF OF CITY OF NEW YORK**<br><br>12 CV 8230<br><br>Jury Trial Demanded |

Plaintiffs,

-against-

CITY OF NEW YORK, a municipal entity, and "John Doe" POLICE OFFICERS 1-20,

Defendants.

------------------------------------------------------------------------ x

Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to lay venue as stated therein.

5. Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal entity authorized under the laws of the State of New York, and respectfully refer the court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint as they pertain to unidentified defendants.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint as they pertain to unidentified defendants.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admit that the matter has not been paid or adjusted.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that the matter has not been paid or adjusted.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" through "34" of the complaint.

13. Denies the allegations set forth in paragraph "35" of the complaint.

14. Denies the allegations set forth in paragraph "36" of the complaint.

15. Denies the allegations set forth in paragraph "37" of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" through "45" of the complaint.

16. Denies the allegations set forth in paragraph "46" of the complaint, including its subparts.

17. Denies the allegations set forth in paragraph "47" through "50" of the complaint.

18. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

19. Denies the allegations set forth in paragraph "52" through "57" of the complaint, including all of their subparts.

20. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "59" through "60" of the complaint.

22. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

23. Denies the allegations set forth in paragraph "62" through "68" of the complaint.

24. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "70" through "75" of the complaint.

26. In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "77" through "85" and "87" through "90" of the complaint.

28. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "86" of the complaint.

29. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "92" through "103" of the complaint, including all of their subparts.

31. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "104" of the complaint.

32. Denies the allegations set forth in paragraph "105" through "107" of the complaint.

- 5 -

33. Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "108" through "111" of the complaint, and all of their subparts.

34. Denies the allegations set forth in paragraph "112" of the complaint.

35. Denies the allegations set forth in paragraph "113" through "115" of the complaint.

36. Denies knowledge or information with respect to the allegations set forth within paragraph "116" through "124" of the complaint.

37. Denies the allegations set forth in paragraph "125" through "144" of the complaint.

38. Denies knowledge or information with respect to the allegations set forth in paragraph "145" of the complaint.

39. Denies the allegations set forth in paragraph "146" of the complaint.

40. Denies knowledge or information with respect to the allegations set forth in paragraph "147" of the complaint.

41. Denies the allegations set forth in paragraph "148" through "150" of the complaint.

42. Denies knowledge or information with respect to the allegations set forth in paragraph "151" of the complaint.

43. Denies the allegations set forth in paragraph "152" through "155" of the complaint.

44. In response to the allegations set forth in paragraph "156" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "157" through "162" of the complaint.

46. In response to the allegations set forth in paragraph "163" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "164" of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the complaint as they pertain to unidentified defendants.

49. Denies knowledge or information with respect to the allegations set forth in paragraph "166" of the complaint.

50. Denies the allegations set forth in paragraph "167" of the complaint.

51. Denies knowledge or information with respect to the allegations set forth in paragraph "168" of the complaint.

52. Denies the allegations set forth in paragraph "169" of the complaint.

53. Denies the allegations set forth in paragraph "170" of the complaint.

54. In response to the allegations set forth in paragraph "171" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Denies the allegations set forth in paragraph "172" through "175" of the complaint, including all of their subparts.

56. In response to the allegations set forth in paragraph "176" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

57. Denies the allegations set forth in paragraph "177" through "180" of the complaint, including all of their subparts.

58. In response to the allegations set forth in paragraph "181" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "182" of the complaint.

60. Paragraph "183" through "184" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required, to the extent a response is required defendants Denies the allegations set forth in those paragraphs of the complaint.

61. Denies the allegations set forth in paragraph "185" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

62.  The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

63.  Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

64. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE:**

65. Plaintiffs may have failed to comply with the conditions precedent to suit.

**FIFTH AFFIRMATIVE DEFENSE:**

66. There was probable cause for plaintiffs' arrest, detention and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

67. Plaintiffs' claims may be barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

68. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**EIGHTH AFFIRMATIVE DEFENSE:**

69. Plaintiffs may have failed, in whole or in part, to comply with New York General Municipal Law § 50(e), §50-h, §50-k and §50-i.

**NINTH AFFIRMATIVE DEFENSE:**

70. Plaintiffs provoked any incident.

**TENTH AFFIRMATIVE DEFENSE:**

71. Punitive damages cannot be awarded against the City of New York.

**ELEVENTH AFFIRMATIVE DEFENSE:**

72. Plaintiffs have failed to mitigate their alleged damages.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 7, 2013

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel
                                    of the City of New York
                                    *Attorney for defendant City of New York*
                                    100 Church Street, Room 3-201
                                    New York, New York 10007
                                    (212) 788-1273

                        By:            /s/
                                  _____
                                  Andrew Lucas
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

To:    Stecklow Cohen and Thompson (By ECF)

12 CV 8230

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JENNIFER PEAT, JEFFERSON MEIGHAN JR., ELAN COHEN, DALLAS CARTER, GARRETT O'CONNOR, BRENDON SULLIVAN – MONSON, CHRISTOPHER BRANNON, ATHENA SOULES, SAMANTHA ALLEGRA FRIERSON, ZACHARY CUNNINGHAM, MATTHEW BOLAND, NEGESTI CANTAVE, ELIZABETH ARCE and OSCAR WHELAN,<br><br>                                                            Plaintiffs,<br><br>                         -against-<br><br>CITY OF NEW YORK, a municipal entity, and "John Doe" POLICE OFFICERS 1-20,<br><br>                                                            Defendants. |
| **ANSWER ON BEHALF OF CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Andrew Lucas*<br>*Tel:  (212) 788-1273*<br>*NYCLIS No. 2012-049328* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ..........................................., 2012*<br><br>*.......................................................................Esq.*<br><br>*Attorney for..............................................................* |