DAVID A. THOMPSON
STECKLOW COHEN & THOMPSON

WWW.WYLIELAW.COM
10 SPRING STREET SUITE 1
NEW YORK, NEW YORK 10012
TEL: (212) 566-8000
FAX: (212) 202-4952
DTHOMPSON@WYLIELAW.COM

September 27, 2013

**BY HAND DELIVERY**
Honorable Judge Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: <u>Peat et al. v. The City of New York, et al.</u>, 12-cv-8230 (SAS)(HP)

Dear Honorable Judge Scheindlin:

I write, pursuant to Part IV(A) of this Court's individual rules, to request a pre-motion conference on October 4, 2013, or at the Court's convenience, preliminary to a motion by the Plaintiffs for an order: 1) compelling the Defendants to disclose the identity of officers at the scene of the Plaintiffs' arrests; 2) compelling the Defendants to produce documents concerning the deployment of officers to the Occupy Wall Street events of the night in question; 3) compelling the Defendants to produce documents previously improperly withheld as privileged; and 4) permitting service of individual officers at One Police Plaza, or if retired, through Corporation Counsel.

**I.  The Defendants Have Failed to Comply With Their Obligations
Under Rule 26(a) to Identify Witnesses**

Rule 26(a) requires the Defendants to disclose the names of persons likely to have discoverable information about the matter in controversy. The Defendants have not complied with this obligation.

The Defendants' Rule 26(a) disclosures identify a total of 14 officers. However, video evidence shows that there were easily more than 50 officers at the scene of the Plaintiffs' arrests. The same videos show that among these officers were approximately a dozen very high-ranking officers (e.g., Assistant Chief, Deputy Chief, etc.) who have not been identified. **The majority of the officers present at the scene have yet to be identified**.

Accordingly, the Plaintiffs will respectfully seek leave to move for an **order directing the Defendants to identify all officers present at the scene of the arrests**.

**II.  The Defendants Have Failed to Comply With Their
Duty to Produce Requested Documents**

The evidence suggests that there was a Level Three or Level Four mobilization in response to the presence of members of Occupy Wall Street at Zuccotti Park. Procedures defined

1

in the NYPD Patrol Guide require that such a mobilization be documented at the responding Patrol Boroughs and their Task Forces, the NYPD Operations Unit, the NYPD Communications Unit, and involved precincts (among other locations). Such documentation should be produced. These documents would help identify officers deployed to the scene of the arrests, and would also include other valuable information concerning the police response and its motivations. In addition, most officers deployed to the scene of the arrests who have not yet been identified would have kept activity logs (memo books) with further information concerning what happened. The Plaintiffs also requested specific radio run reports, which were identified to the Defendants after the previous Court-mediated phone conference on discovery.

These documents fall within the scope of the Plaintiffs' document demands (Nos. 13, 15-16, 18 & 19). **These documents have not been produced**.

In order to facilitate the Defendants' production, the Plaintiffs provided a supplemental set of document requests which contain citations to specific Patrol Guide sections that inform the Defendants what documents are likely to exist and where they are likely to be found. The requests identify specific individuals and officers who are likely document custodians. All the items sought fall within the scope of the original requests. The Plaintiffs' hope was that providing the Defendants with a detailed roadmap of where documents could be found would facilitate the Defendants' production of the needed documents. However, **the Defendants have yet to produce further documents**.

Accordingly, the Plaintiffs will respectfully seek leave to move for an **order directing the Defendants to produce all documents falling within the scope of items Nos. 13, 15-16, 18 & 19 of the Plaintiffs' original set of document demands, and the entirety of the supplemental demands**.

### III. The Defendants Have Improperly Withheld Documents Upon Baseless Claims of Privilege

The Defendants have claimed law enforcement privilege and deliberative process privilege as to six documents that appear to be relevant to the Plaintiffs' Monell claims. The Defendants' claim of privilege is inadequately supported by the privilege log produced. (Ex. C).

"[T]he law enforcement privilege ... is designed to prevent 'disclosure of law enforcement techniques ... to protect the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Floyd v. City of New York*, 2008 U.S. Dist. LEXIS 68798 (S.D.N.Y. Sept. 9, 2008). **Because the Defendants' privilege log fails to establish that the documents withheld fall within any of these protected categories, the law enforcement privilege does not apply.** "To qualify for the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" *Grand Central Partnership v. Cuomo*, 166 F.3d 473, 482 (2nd Cir. 1999) (quotations and citations omitted).[1] **Because the**

---

[1] A document will be considered 'predecisional' if the agency can ... (i) pinpoint the specific agency decision to which the document correlates and (ii) verify that the document precedes, in temporal sequence, the decision to which it relates. ... A document is 'deliberative' when it is actually related to the process by which policies are formulated.'" Relevant factors include "whether the document (i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Grand Central Partnership v. Cuomo*, 166 F.3d at 482.

2

<u>Defendants' privilege log fails to establish that the documents withheld are either predecisional or deliberative, the deliberative process privilege does not apply</u>.

Accordingly, the Plaintiffs will respectfully seek leave to move for an <u>order directing the Defendants to produce all the withheld documents</u>.

IV. **The Plaintiffs Seek Leave to Serve Defendant Officers At One Police Plaza, or if Retired, Through Corporation Counsel**

To date, Plaintiffs have expended significant time and energy serving the Amended Complaint upon 15 police officers at their locations of deployment throughout Brooklyn, Queens and Manhattan. Five officers remain to be served. The posting of one officer, Captain William Taylor, is unknown despite requests for deployment information made to both the NYPD Verifications Office and to Defendants' counsel. On more than one occasion, the Verifications Office has provided out of date or incorrect information concerning the location of an officer, resulting in significant waste of effort attempting to service at the locations given. One of the officers, Sgt. Vincent Giambrone, may be retired.

<u>In serving officers, such as Narcotics Division officers, whose deployment location is kept secret from the general public, service is routinely made and accepted at police headquarters at One Police Plaza</u>. As to these officers, One Police Plaza is deemed to be their actual place of business. For retired officers, Corporation Counsel routinely accepts service on behalf of the individual officers, with their consent.

Accordingly, the Plaintiffs will respectfully seek leave to move for an <u>order that One Police Plaza is deemed the actual place of business of officers in active service and allowing service upon them there</u>.

The Plaintiffs will also respectfully seek leave to move for an <u>order requiring Corporation Counsel to request of any retired officer that such officer consent to service through counsel, and directing disclosure of such officer's home address if such consent is refused.</u>

Respectfully submitted,

David A. Thompson, Esq.
Attorney for Plaintiffs

cc: ACC Andrew Lucas
Corporation Counsel of the City of New York
100 Church Street, New York, N.Y. 10007

3