

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

*ANDREW LUCAS*
*Assistant Corporation Counsel*
E-mail: alucas@law.nyc.gov
Phone: (212) 356-2373
Fax: (212) 356-3559

October 4, 2013

<u>**BY Hand and ECF**</u>
Honorable Shira A. Sheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>Jennifer Peat et al, v. City of New York et al.,</u>
        12 CV 8230 (SAS) (HBP)

Your Honor:

      I am an Assistant Corporation Counsel representing Defendant City of New York in the above referenced action.  I write in response to plaintiffs' request for a pre-motion conference regarding discovery dated September 27, 2013.  Plaintiffs' request an order to produce discovery regarding:  1) The identity of officers; 2) Documents related to an alleged mobilization and in response to their supplemental demands; 3) Defendant's claim of privilege; and 4) Leave to serve certain defendants through 1 Police Plaza.

      In claiming that defendants have failed in their obligations under Fed. R. Civ. P. 26(a) plaintiff states that only 14 individuals have been disclosed.  This is inaccurate as a matter of law and in regards to the discovery produced.  Defendants have fully complied with their obligations under Rule 26(a) as they have produced and disclosed the identity of individuals that defendants "may use to support **it's** claims and defenses."  Fed. R. Civ. P. 26(a)(i).  Plaintiffs claimed need for additional disclosure of officers is undermined by the fact that defendants have identified and disclosed the identity of the arresting officers, their supervising officers, as well as the commanders present.  Furthermore defendants have identified approximately one hundred additional officers who may have been present for all or part of the march.  Plaintiffs overlook this in claiming a need for additional identification.  Accordingly, plaintiffs' first point is without merit.

      Plaintiffs next argue that additional information is sought as there may have been a level 3 or 4 mobilization.  It is unclear what evidence plaintiff is relying upon.  That officers needed to be called in from other details to police this march is clear, however, without knowing what evidence plaintiffs refer to, it is extremely unlikely that this was a level 4 mobilization, or even a

level 3. Accordingly plaintiffs' demands fail at the outset. With respect to plaintiffs' claimed need for additional memo books, defendants have provided the memo books of 10 officers and specifically identified each of the high ranking and administrative officers who are not required to keep memo books. Plaintiffs claimed need for memo books for every officer on the scene is unduly burdensome, overbroad and unlikely to lead to admissible evidence, particularly as memo books have been produced for the individuals involved in the arrests of plaintiffs.

Additionally, plaintiffs argue that their supplemental demands must be ordered in their entirety. Plaintiffs fail to mention, and do not attach, their supplemental demands which are dated September 13, 2013, and on information and belief were not served on defendants until September 16, 2013, by post. Accordingly, plaintiffs are requesting that the supplemental demands be ordered in their entirety, despite the fact that defendants time to respond to same demands has not even run, and will not run for over two weeks.

Plaintiffs next claim that defendants privilege log fails is insufficient to establish privilege and the documents in question must be produced in their entirety. Defendants maintain that the log adequately identifies the defendants entitlement to privilege over those records. . Plaintiffs fail to expound how the privilege log fails, and accordingly their request must be denied.

Finally, plaintiffs claim that defendants must be ordered to accept service on behalf of certain defendants. With respect to the retired individual defendant counsel is in the process of reaching out to that individual defendant in the hope that service can be accepted on their behalf. To the extent plaintiffs are having difficulty locating a specific officer still employed by the New York City Police Department defendants are certainly willing to assist them and locate a service address, however, the last communication received by plaintiffs regarding this issue was not clear as to the identity of the five officers plaintiffs refer to here. Defendants also note that while counsel is happy to assist in resolving these issues, plaintiffs requested relief, that personal jurisdiction be ignored, is improper and should be denied.

For all these reasons the defendant requests that the Court deny each of plaintiffs requests for additional discovery in their entirety.

Thank you for your consideration herein.

Sincerely,

/s/
Andrew Lucas
Assistant Corporation Counsel
Special Federal Litigation Division

cc: David Thompson Esq.
Stecklow Cohen and Thompson
*Attorney for Plaintiffs*
(by Hand and ECF)